UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEVE L. SMITH #219219, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:16-cv-01276 |
| ) | JUDGE TRAUGER |
| RUTHERFORD CNTY ADULT ) | |
| DETENTION CENTER, ) | |
| ) | |
| Defendant. | |

## MEMORANDUM AND ORDER

Plaintiff Steve Smith, an inmate of the Rutherford County Adult Detention Center in Murfreesboro, Tennessee, has filed a pro se civil rights action under 42 U.S.C. § 1983. (ECF No. 1.) The matter is before the court for a ruling on the plaintiff's application to proceed in forma pauperis ("IFP"). (ECF Nos. 2, 8.) In addition, the complaint (ECF No. 1) is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### A. Application to Proceed as a Pauper

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $400 required by 28 U.S.C. § 1914(a). Because it appears from the plaintiff's submissions that he lacks sufficient financial resources from which to pay the full filing fee in advance, the court **GRANTS** his motion (ECF Nos. 2, 8) to proceed IFP in this matter.

However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA

provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the plaintiff is hereby **ASSESSED** a $350 filing fee, to be paid as follows:

(1) The custodian of the plaintiff's inmate trust-fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to the plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust-fund officer must withdraw from the plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this order to the administrator of the Rutherford County Adult Detention Center to ensure that the custodian of the plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian **MUST**

ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order.

**B.     Initial Review**

Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to conduct an initial review of any complaint filed in forma pauperis and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.  In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. Jan. 31, 2011).

The plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983.  Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012).  Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

In his complaint (ECF No. 1), the plaintiff alleges that the food served in jail includes processed, fried and unhealthy foods, and few raw vegetables, and that inmates have no choice other than to eat what they are served or starve. He further alleges that the jail refuses to provide inmates with the nutritional information about the food they are served, which prevents inmates from making informed dietary choices with regard to their health or medical needs.

The Eighth Amendment[1] requires prison officials "to provide humane conditions of confinement" and to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.1987). An inmate "cannot expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988), *quoted in Thaddeus-X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999). Rather, "[t]he Eighth Amendment is concerned only with 'deprivations of essential food, medical care, or sanitation,' or 'other conditions intolerable for prison confinement.'" *Richmond v. Settles*, 450 F. App'x 448, 454–55 (6th Cir. 2011) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981)). Therefore, to establish an Eighth Amendment violation, a plaintiff must make an objective showing of the deprivation of "the minimal civilized measure of life's necessities." *Id.* at 454 (quoting *Rhodes*, 452 U.S. at 347); *see also Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000) (citing Farmer, 511 U.S. at 834) ("[T]he inmate must show that

---

[1] It is not apparent from the face of the complaint whether the plaintiff is a convicted inmate or a pretrial detainee. That distinction has no practical effect on the court's analysis, because "[a]lthough the Eighth Amendment's protections apply specifically to post-conviction inmates, the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005). The Supreme Court has recently held that pretrial detainees have a lower burden than convicted inmates in excessive force cases, *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2472–73 (2015), but that decision has not been held to apply to ordinary conditions of confinement cases.

he is incarcerated under conditions posing a substantial risk of serious harm."). For Eighth Amendment purposes, adequate food is characterized as "'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir.1986) (quoting *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir.1977)) (footnote omitted).

The plaintiff has not alleged that he is deprived of adequate nutrition to sustain health or that he has any medical condition requiring a medical diet that is not being provided. He does not allege that he has sustained any injury, i.e. illness or significant weight-loss, as a result of the food he is served. The fact that he finds the food in jail to be unappealing or nutritionally imperfect does not establish that it poses an uncivilized or intolerable condition.

Finally, even if the plaintiff had otherwise stated a claim, he has not named a proper defendant. It is well established that a jail is not a "person" subject to suit under § 1983. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (county jail is a department of the county and not a legal entity susceptible to suit); *Travis v. Clinton Cnty. Jail*, No. 1:10-cv-1276, 2011 WL 447000, at *2 (W.D. Mich. Feb. 4, 2011) ("The jail is a building, not an entity capable of being sued in its own right.").

Accordingly, this action is **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Any appeal of this order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

Entry of this order constitutes the judgment in this action.

IT IS SO ORDERED.

ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE